# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

ANTONIO REED,                                                   PETITIONER

V.                                                     NO. 3:01CR140-D

UNITED STATES OF AMERICA,                         RESPONDENT

## OPINION DENYING PETITION PURSUANT TO 28 U.S.C. § 2255

This cause of action is before the Court on the motion of the petitioner for post conviction relief pursuant to 28 U.S.C. § 2255. Petitioner raises four errors as grounds for relief:

> (1) His plea of guilty was unlawfully induced or not voluntary.
> (2) He received ineffective assistance of counsel.

## F A C T S

Petitioner and three co-defendants were indicted in a nine-count indictment on charges of conspiracy to distribute and distribution of cocaine base. Petitioner wwas charged in counts 1, 4, 5, 8, and 9. Petitioner, with the assistance of counsel, signed a written agreement to plead guilty to count 4, which charged him with distributing a detectable amount of cocaine base, with a maximum permissible penalty of 20 years imprisonment in consideration of the dismissal of the remaining charges.

On April 29, 2002, petitioner pled guilty to count 4, in accord with the plea agreement. Petitioner was placed under oath and advised and questioned by the court as to his knowledge and understanding of his rights. Specifically, he was informed that the maximum penalty was 20 years; the Sentencing Guidelines would apply to his case; the court could not determine his sentence until a presentence report was completed; the sentence could be more severe than the sentence called for by the guidelines; and if the sentence was more severe than he expected, he

would still be bound by his plea. The court found that the guilty plea was entered knowingly and voluntarily and accepted it.

A presentence investigation report was filed by the U.S. Probation Service, which reflected that in addition to the 3.7 grams of cocaine base involved in count 4, petitioner was also accountable for a further 42.9 grams for a total of 46.6. The report further determined that petitioner was accountable for 188.1 grams of cocaine base seized under a search warrant for a house, as well as for a loaded handgun found in the search. On the basis of these findings, the presentence report calculated the base offense level to be 34, enhanced two levels for the firearm and reduced three levels for acceptance of responsibility. Petitioner, through his counsel, objected to consideration of the cocaine base and handgun obtained in the search as relevant conduct in the calculation of the total offense level.

Petitioner and his counsel appeared for sentencing on August 22, 2002. The government conceded the objection concerning the cocaine base and handgun found in the search, and the court sentenced petitioner on the basis of offense level 29 and criminal history category V, which provided for a guideline sentence range of 140 to 175 months imprisonment. The petitioner was sentenced to 140 months. Judgment was entered on August 27, 2002, notice of appeal was filed on September 18, 2002, and the appeal was dismissed as untimely on January 31, 2003.

## **DISCUSSION**

When reviewing a petition for habeas corpus relief which raises the voluntariness of a guilty plea, this court must determine whether the "guilty plea ... was voluntarily entered by a defendant who understood the nature of the charges and the consequences of the plea..." *Micheaux v. Collins*, 911 F.2d 1083, 1085 (5th Cir. 1990) (quoting *Hobbs v. Blackburn*, 752 F.2d

1079, 1081 (5th Cir. 1985)).  In *Boykin v. Alabama*, 395 U.S. 238, 242 (1969), the Supreme Court held that a guilty plea to a criminal charge is "more than admission of conduct; it is a conviction."  *See also Taylor v. Whitley*, 933 F.2d 325, 327 (5th Cir. 1991); *Swift v. Lynn*, 870 F.2d 1039, 1041 (5th Cir. 1989);  The Court established in *Boykin* that as a matter of due process the court record in criminal proceedings must affirmatively disclose that a guilty plea was entered voluntarily and intelligently.  The record in this case clearly reflects that the guilty plea was entered voluntarily and intelligently and petitioner's contention concerning this issue is wholly without merit.

To merit habeas corpus relief on a claim of ineffective assistance of counsel, a habeas petitioner must satisfy the two-prong test set out in *Strickland v. Washington*, 466 U.S. 668 (1984).  The *Strickland* test applies to retained counsel as well as appointed counsel.  *See Bonvillain v. Blackburn*, 780 F.2d 1248 (5th Cir. 1986); *Murry v. Maggio*, 736 F.2d 279 (5th Cir. 1984).  In *Strickland*, the Supreme Court held that before post-conviction relief can be granted for ineffective assistance of counsel, the petitioner must establish: (1) that counsel's performance was deficient in that if fell below an objective standard of reasonable professional service; and (2) that this deficient performance prejudiced the defense such that there is a reasonable probability that the outcome of the trial has been undermined and the result would have been different.  *Strickland*, 466 U.S. at 687, 688; *see also Sawyer v. Butler*, 848 F.2d 582 (5th Cir. 1988) (*superseded on other grounds*, Sawyer v. Butler, 881 F.2d 1272 (5th Cir. 1989)); *Lavernia v. Lynaugh*, 845 F.2d 493 (5th Cir. 1988); *Bridge v. Lynaugh*, 838 F.2d 770 (5th Cir. 1988); *Thomas v. Lynaugh*, 812 F.2d 225 (5th Cir. 1987); *Martin v. McCotter*, 796 F.2d 813 (5th Cir. 1986).  Thus, both a deficiency and resulting prejudice must be shown.[1]  *United States v. Lewis*,

---

[1] However, there are circumstances where prejudice can be presumed.  *See United States v. Cronic*, 466 U.S. 648, 659 (1984); *Woodard v. Collins*, 898 F.2d 1027, 1028 (5th Cir. 1990).

786 F.2d 1278, 1281 (5th Cir. 1986). A petitioner's failure to establish both prongs of the *Strickland* test warrants rejection of his claim. *Bates v. Blackburn*, 805 F.2d 569, 578 (5th Cir. 1986).

Under the deficiency prong of the *Strickland* test, a petitioner must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687; *see also Bridge v. Lynaugh*, 838 F.2d 770, 773 (5th Cir. 1988). However, the Fifth Circuit has noted the following:

> In determining whether counsel's performance satisfies the requirements of the Sixth Amendment, we must inquire whether, considering all the circumstances, counsel's performance was reasonable under prevailing professional norms. Judicial scrutiny of counsel's performance must be highly deferential; we must make every effort to eliminate the distorting effects of hindsight and evaluate the conduct from counsel's perspective at the time. [Lavernia v. Lynaugh, 845 F.2d 493, 498 (5th Cir. 1988)].

In applying the first *Strickland* criterion, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional competence, or that, under the circumstances, the challenged action might be considered sound trial strategy. *Bridge v. Lynaugh*, 838 F.2d at 773; (quoting *Strickland v. Washington*, 466 U.S. at 689). Finally, counsel is given great deference with a strong presumption that counsel has exercised reasonable professional judgment. *Martin v. McCotter*, 796 F.2d 816, 817 (5th Cir. 1986).

Petitioner clearly did not meet the first prong of the *Strickland* test.[2] Consequently, the court does not need to address the second prong as there was no prejudice to Reed.

---

[2] Instead, counsel seems to have provided exceptional assistance. Counsel negotiated an agreement that allowed petitioner to enter a guilty plea to only one of the four charges in exchange for dismissal of the other charges, successfully objected to the inclusion of certain items as part of the calculation of the base offense level, and petitioner was sentenced to the lowest amount of imprisonment that was consistent with the range of the Sentencing Guidelines.

## CONCLUSION

Having carefully considered petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, the court finds that petitioner has stated no grounds warranting relief.

An appropriate final judgment will issue.

This the 17th day of January, 2006.

/s/ Glen H. Davidson
 CHIEF  JUDGE